**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TINA NOAH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Civil Action No. 14-1723 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Before the Court is Tina Noah ("Plaintiff" or "Claimant")'s appeal, which seeks review of Administrative Law Judge ("ALJ") Sheena Barr's denial of Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. The Court decides this matter without oral argument. For the reasons set forth below, the Court affirms the final decision of the Commissioner of Social Security (the "Commissioner").

**I.　BACKGROUND**

　　A.　Procedural History

On September 27, 2010, Plaintiff, alleging disability as of November 30, 2008, applied to the Social Security Administration (the "Administration") for a period of disability, disability insurance benefits, and supplemental security income. (R. at 208-218).[1] The Administration initially denied Plaintiff's application on February 25, 2011 and again upon reconsideration on

---

[1] "R." refers to the pages of the Administrative Record.

October 17, 2011. (*Id.* at 102-104, 111-116). In response, Plaintiff requested an administrative hearing, which occurred before ALJ Sheena Barr on June 15, 2012. (*Id.* at 138).

At the hearing, Plaintiff, who was then 43 years old, testified that she had been last employed in 2008 as a cook. (*Id.* at 61-62). With regard to her lifestyle, Plaintiff testified that she lives alone. (*Id.* at 60). Plaintiff also testified that she stopped driving in 2006, and if she needs to go somewhere she either uses public transportation or gets a ride from a friend. (*Id.* at 79).

On July 27, 2012, ALJ Barr issued a decision, finding that Plaintiff was not disabled from November 30, 2008 through the date of decision. (*Id.* at 35-44). Plaintiff sought Appeals Council review. (*Id.* at 27). The Appeals Council denied Plaintiff's request on January 14, 2014, rendering ALJ Barr's decision the final decision of the Commissioner. (*Id.* at 1-3). As a result, Plaintiff appealed to this Court on March 18, 2014. (Compl., ECF No. 1). This Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g), and now recounts Plaintiff's medical history.

B.  Plaintiff's Medical History

Plaintiff contends that she has been disabled since November 30, 2008. Plaintiff alleges disability due to (1) carpal tunnel syndrome, (2) bipolar disorder, (3) depression, (4) asthma, and (5) a learning disability.

1. Plaintiff's Carpal Tunnel Syndrome

Plaintiff has complained of wrist pain since 2008. (R. at 58). Plaintiff testified in her hearing that she experiences numbness in both hands from her wrists to her fingertips, but the pain is worse in her right hand. (*Id.* at 72). She also testified that a doctor prescribed a wrist brace for her right wrist in 2009. (*Id.*). Plaintiff claimed that she experiences pain every day and that especially on bad days she cannot hold a glass of water in her hand without dropping it. (*Id.* at 73). She also testified that she needs assistance with buttoning due to her condition, and avoids

2

wearing clothing with buttons. (*Id.*). Plaintiff testified that her treating neurologist, Dr. Komotar prescribed Naproxen for Plaintiff's wrist pain. (*Id.* at 74).

### 2. Plaintiff's Bipolar Disorder

Plaintiff also suffers from bipolar disorder. Plaintiff's attorney testified that she has been treated for this disorder for some time. (*Id.* at 55). Plaintiff spent time at the Jersey City Medical Center Partial Hospitalization program. (*Id.*). At the time of the hearing, Plaintiff was getting outpatient treatment once per month and visiting the Self-Help Center at Jersey City Medical two to three times per week. (*Id.* at 82-83). She testified that going to group meetings has helped her understand her disorder. (*Id.* at 80).

### 3. Plaintiff's Depression

Plaintiff also suffers from depression. Plaintiff testified that she often sees and hears things when she feels really depressed, which she claims occurs three times per month. (*Id.* at 84-85). Dr. Candela, who completed a consultative examination on December 9, 2010, reported that Plaintiff is, in fact, depressed and has been psychiatrically hospitalized ten times, various times as a result of a suicide attempt. (*Id.* at 695). Again, Plaintiff testified that her participation in the program at Jersey City Medical Center has had a positive effect on her mental health. (*Id.* at 80).

### 4. Plaintiff's Asthma

Plaintiff also suffers from asthma. Plaintiff testified that her asthma is worse in the summer. (Id. at 75). She testified that her asthma is controlled if she uses her inhaler at least twice a day and the weather is good. (*Id.* at 76). Plaintiff smokes tobacco every day. (*Id.* at 741). She also testified that she has smoked marijuana in the past, despite her condition. (*Id.* at 85). During a visit to Jersey City Medical Center for wrist and knee pain, Dr. Bansal reported that her lungs were clear. (*Id.* at 743).

### 5. Plaintiff's Learning Disability

Plaintiff has an alleged learning disability. During a biopsychosocial assessment, a doctor at Jersey City Medical Center indicated that Plaintiff's learning needs were average. (*Id.* at 1064).

## II. LEGAL STANDARD

### A. The Five-Step Process for Evaluating Whether a Claimant Has a Disability

Under the Social Security Act, the Administration is authorized to pay a period of disability, disability insurance benefits, and supplemental security income to "disabled" persons. 42 U.S.C. §§ 423(a), 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). At step one, the ALJ assesses whether the claimant is currently performing substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(f), 416.920(a)(4)(i). If so, the claimant is not disabled and, thus, the process ends. 20 C.F.R. §§ 404.1520(a)(4)(f), 416.920(a)(4)(i). If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" physical or mental impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Absent such impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

4

Conversely, if the claimant has such impairment, the ALJ proceeds to step three. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step three, the ALJ evaluates whether the claimant's severe impairment either meets or equals a listed impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Otherwise, the ALJ moves on to step four, which involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). The claimant is not disabled if her RFC allows her to perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). However, if the claimant's RFC prevents her from doing so, the ALJ proceeds to the fifth and final step of the process. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

The claimant bears the burden of proof for steps one through four. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007) (citing *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004). "At step five, the burden of proof shifts to the . . . Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and [RFC]." *Id.* (citing *Ramirez*, 372 F.3d at 551).

### B. The Standard of Review: "Substantial Evidence"[2]

---

[2] Because the regulations governing supplemental security income—20 C.F.R. § 416.920—are identical to those covering disability insurance benefits—20 C.F.R. § 404.1520—this Court will consider case law developed under both regimes. *Rutherford v. Barnhart*, 399 F.3d 546, 551 n. 1 (3d Cir. 2005) (citation omitted).

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Consequently, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

## III. DISCUSSION

At step one, ALJ Barr found that Plaintiff had not engaged in substantial gainful activity since November 30, 2008, the alleged onset date. (R. at 37). At step two, ALJ Barr found that Plaintiff had the following severe impairments: (1) bipolar disorder; (2) depression; (3) asthma; and (4) a learning disability. (*Id.*). ALJ Barr also found that Plaintiff had one nonsevere impairment: carpal tunnel syndrome. (*Id.*). At step three, ALJ Barr found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (*Id.* at 38). At step four, ALJ Barr determined that Plaintiff had the RFC to perform the full range of work at all exertional levels, but with the following nonexertional limitations: she is limited to simple, routine work; she must avoid concentrated exposure to flumes, odors, gases, poor ventilation; she should only have occasional contact with coworkers and general public. (*Id.* at 39). Lastly, at step five, ALJ Barr found that Plaintiff is capable of performing past relevant

work as a laundry worker, sales agent insurance, and restaurant cook. (*Id.* at 41-42). Plaintiff contends that ALJ Barr erred at steps two, three, and four. (Pl.'s Br. 9-37, ECF No. 9).

A. <u>Whether ALJ Barr's Step Two Findings are Based on Substantial Evidence</u>

Plaintiff argues that the ALJ's step two finding was inadequate. (Pl.'s Br. 9-10, ECF No. 9). In addition to finding that her bipolar disorder, depression, asthma, and learning disability were severe impairments, Plaintiff argues that the ALJ should have also found that her carpal tunnel syndrome was a severe impairment. The Commissioner counters that Plaintiff's argument is unpersuasive. (Def.'s Br. 4-7, ECF No. 11).

At step two, the ALJ must determine whether the claimant has a medically severe impairment or combination of impairments. Under the applicable regulations, an impairment is severe only if it significantly limits the claimant's physical or mental ability to do "basic work activities." C.F.R. § 404.1521(b). Diagnoses alone are insufficient to establish their severity at step two; the plaintiff is also required to prove that the impairment *significantly* limits her ability to do basic work activities. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 144 (3d Cir. 2007). In the case at bar, then, even though the evidence shows that Plaintiff was diagnosed with carpal tunnel syndrome, the Plaintiff did not show that her carpal tunnel syndrome significantly limited her ability to do basic work. Instead, the ALJ found that carpal tunnel syndrome caused only a minimal impact on Plaintiff's ability to perform work-related functions. (R. at 37-38). This Court finds that this determination was supported by substantial evidence.

The Third Circuit has also indicated that an ALJ's erroneous finding that some of a claimant's impairments are not severe at step two is harmless if the ALJ finds that the claimant has other severe impairments. *Salles*, 229 F. App'x at 145 n. 2 (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)). Here, as noted above, the ALJ found that Plaintiff's bipolar

disorder, depression, asthma, and learning disability were severe impairments at step two. (R. at 37). Therefore, even if the ALJ erred by not finding that Plaintiff's carpal tunnel syndrome was severe at step two, such error was harmless.

    B.    <u>Whether ALJ Barr's Step Three Findings Are Based on Substantial Evidence</u>

At step three, an ALJ must "fully develop the record and explain his findings . . . , including an analysis of whether and why [each of the claimant's] impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments." *Burnett*, 220 F.3d at 120. In conducting such an analysis, there is no formal requirement that an ALJ "use particular language or adhere to a particular format . . . ." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Rather, an ALJ's decision, "read as a whole," must permit meaningful judicial review. *Id.*; *see also Cosby v. Comm'r of Soc. Sec.*, 231 F. App'x 140, 146 (3d Cir. 2007).

Here, ALJ Barr began her step three analysis with her determination that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." (R. at 38). ALJ Barr then proceeded to find that: (1) Plaintiff's asthma did not meet any applicable listing (Listing 3.03); (2) Plaintiff's mental impairments, considered singly and in combination, did not meet the criteria of the listings for organic mental disorders, nor affective disorders (Listing 12.02 and 12.04). Plaintiff argues that Plaintiff's impairments did meet or medically equal a listed impairment. (Pl.'s Br. 15-24, ECF No. 9). Plaintiff's argument is unpersuasive.

As for Plaintiff's asthma, there is no evidence in the record that suggests the Plaintiff's asthma meets the listing level. In order to meet Listing 3.03, Asthma, Plaintiff had to exhibit chronic asthmatic bronchitis as measured in 3.02A or attacks occurring at least once every 2 months or at least 6 times a year. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 3.03. There is no evidence

that Plaintiff suffers from frequent attacks and multiple examinations showed that Plaintiff's lungs were clear, with no evidence of wheezes, rhonci, or rales. (R. at 743).

A claimant's organic mental disorder or affective disorder meets or medically equals listing 12.04 when it either satisfies both the paragraph A[3] and paragraph B criteria, or satisfies the paragraph C criteria of that listing. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04. Here, the ALJ found that Plaintiff's affective disorder did not meet listing 12.04, focusing on whether said disorder satisfied the paragraph B criteria. (R. at 38). Plaintiff argues that the ALJ's finding is not based on substantial evidence because she did not explain why her organic mental or affective disorder failed to meet the paragraph A criteria.[4] (Pl.'s Br. 18-19, ECF No. 9).

To satisfy the Paragraph B criteria of listings 12.02 or 12.04, a claimant must demonstrate that her organic mental disorder or affective disorder results in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration ....

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04. A limitation is "marked" when it is "more than moderate but less than extreme." *Id.* Here, the ALJ found that neither Plaintiff's organic mental disorder nor her affective disorder resulted in marked limitations in any of the first three categories, and that Plaintiff had one to two episodes of decompensation. (R. at 38).

With regard to Plaintiff's activities of daily living, the ALJ concluded that Plaintiff's impairments resulted in only moderate restrictions thereto. (*Id.*). In support of her conclusion, the

---

[3] To satisfy the paragraph A criteria, a claimant must, in essence, medically document the persistence of depressive, manic, or bipolar syndrome. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04.
[4] Plaintiff does not argue that the ALJ's finding concerning listing 12.02 nor 12.04 is deficient because she did not discuss the paragraph C criteria. Accordingly, the Court does not discuss the paragraph C criteria.

9

ALJ noted that Plaintiff stated that she does not have any difficulty performing personal care activities like bathing, dressing, or feeding. (*Id.*). Thus, the ALJ offered substantial evidence in support of her conclusion that Plaintiff had only a moderate restriction in her activities of daily living.

The ALJ next concluded that Plaintiff had only moderate difficulties in maintaining social functioning. (R. at 38). In support of her conclusion, the ALJ noted that Plaintiff reported she is able to interact with friends, shop in public, and use public transportation. (*Id.*). Hence, the ALJ provided substantial evidence in support of her conclusion that Plaintiff had only a moderate restriction in maintaining social functioning. *See e.g. Garcia v. Astrue*, No. 11–113, 2012 WL 2018240 at *8 (W.D.Pa. June 5, 2012) (finding that substantial evidence supported the ALJ's finding that the plaintiff had only moderate difficulties in social functioning where "although there was some indication of social isolation, [the p]laintiff was able to maintain satisfactory relationships with his brother and others, and ... health care professionals ... consistently revealed the [p]laintiff to be friendly and cooperative ....").

The ALJ further concluded that Plaintiff had only moderate difficulties in maintaining concentration, persistence or pace. (R. at 38). In support of her conclusion, the ALJ noted that Plaintiff is able to follow written and spoken instructions and watch television. (*Id.*).

Lastly, the ALJ concluded that there were only one to two episodes of decompensation, for extended duration. (*Id.*). As a result, the ALJ determined that Plaintiff did not satisfy the requirements of listing 12.02 or 12.04 since she did not meet the paragraph B criteria. (*See id.*). In doing so, the ALJ offered substantial evidence in support of her conclusion. Plaintiff also argues that the ALJ's analysis of listing 12.02 and 12.04 is deficient because the ALJ did not consider the paragraph A criteria. However, since the ALJ provided substantial evidence in support of her

10

determination that Plaintiff failed to meet the paragraph B criteria, she did not need to consider the paragraph A criteria. *See Gantt v. Comm'r of Soc. Sec.*, 205 F. App'x 65, 66 (3d Cir.2006) (declining to address the paragraph A criteria because the plaintiff had failed to meet the paragraph B criteria).

In any event, Plaintiff, who bears the bears the burden of proof at step three, has failed to articulate why her impairments meet listings 12.02 or 12.04. *See Meyler v. Comm'r of Soc. Sec.*, 283 F. App'x 884, 889 (3d Cir.2007) (noting that the plaintiff bears the burden of proving at step three that his impairments meet or medically equal a listing).

    C.    <u>Whether ALJ Barr's RFC Determination is Based on Substantial Evidence</u>

At step four, ALJ Barr determined that Plaintiff has the RFC to perform the full range of work at all exertional levels with the following nonexertional limitations: she is limited to simple, routine work; she must avoid concentrated exposure to flumes, odors, gases, poor ventilation; she should only have occasional contact with coworkers and general public. (R. at 39-41). Plaintiff generally argues that ALJ Barr's RFC determination is not based on substantial evidence. (Pl.'s Br. 24-28). In support of his position, Plaintiff notes that "An ALJ must not simply recite the evidence and then announce a finding." (*Id.* at 25). Plaintiff's argument is unpersuasive.

In making his or her RFC determination, an ALJ must consider all pertinent and probative evidence. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203–04 (3d Cir. 2008) (citing *Burnett*, 220 F.3d at 121 and *Cotter v. Harris*, 642 F.2d 700, 705–07 (3d Cir. 1981)). Here, ALJ Barr provided a thorough discussion of the record in support of her RFC finding, and, in doing so, weighed the available evidence. (R. at 39-41). In particular, the ALJ supported her RFC assessment by considering and weighing the following evidence: (1) the state agency medical opinions of Dr. Joseph Bencivenne, Dr. Ibrahim Housri, and Dr. C.B. Dalton; (2) Plaintiff's

11

treating doctors' notes; (3) Plaintiff's hospital admissions; and (4) Plaintiff's testimony at the June 2012 hearing. (*Id.*).

Contrary to the Plaintiff's argument, ALJ Barr did not simply recite the above evidence and come to a conclusion. Instead, the ALJ explained that while the Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms...the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC]." (R. at 40). Though at least one circuit has described this exact language as "meaningless boilerplate," an ALJ's use of this language "does not automatically undermine or discredit the ALJ's ultimate conclusion if he otherwise points to information that justifies his credibility determination." *Pepper v. Colvin*, 712 F.3d 351, 367-68 (7th Cir. 2013). Such information may include: (1) the extent of a claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication; (5) treatment other than medication; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

As to Plaintiff's mental health, the ALJ pointed out that Plaintiff's therapy sessions have had a positive impact on her mental health condition. (R. at 40). ALJ Barr also noted that Plaintiff's CT scans are normal and the results of her many psychiatric screenings have been positive. (*Id.*). The ALJ also pointed out that Plaintiff only uses her medication sporadically. (*Id.*). ALJ Barr also pointed to information justifying her finding that Plaintiff's learning disability would not impair her ability to perform work-related functions. (*Id.*).

12

ALJ Barr also supported her finding that Plaintiff's asthma was controlled. (*Id.*). The ALJ cited to examination records which reported that Plaintiff's lungs were clear with no wheezes, rhonci, or rales. (*Id.*). The ALJ also noted that Plaintiff's asthma does not prevent her from smoking tobacco on a daily basis. (*Id.*).

Because ALJ Barr has provided more than a mere scintilla of evidence in support of her RFC determination and given that it is not the role of this Court to reweigh the evidence and reach its own conclusions, *See Williams*, 970 F.2d at 1182 (noting that a district court is not empowered to "weigh the evidence or substitute its conclusions for those of the fact-finder"), the Court affirms ALJ Barr's RFC determination.

## IV. CONCLUSION

The Court has reviewed the entire record and, for the reasons discussed above, concludes that ALJ Barr's determination that Plaintiff was not disabled was supported by substantial evidence. Accordingly, ALJ Barr's decision is affirmed. An appropriate Order accompanies this Opinion.

DATED: 12/4/14

JOSE L. LINARES
U.S. DISTRICT JUDGE